IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 13 |
| DENISE REN'EE CURRY, | ) | |
| | ) | CASE NO. 15-31236-DHW |
|     Debtor. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | ADV. PROCEEDING NO. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| DENISE REN'EE CURRY, | ) | |
| | ) | |
|     Defendant. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY**
[Army and Air Force Exchange Service]

Plaintiff, United States of America, for its complaint against Defendant, Denise Ren'ee Curry, alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 11 U.S.C. § 523(a)(2)(A-B) and (C) and 11 U.S.C. § 523(a)(3)(B).

2. Defendant filed a Chapter 13 Bankruptcy Petition on May 12, 2015. (Doc. 1).

3. Plaintiff is a creditor to which Defendant owes a debt.

4. This suit is brought to determine the dischargeability of a debt to the United States.

1

## **STATEMENT OF FACTS**

5.  Plaintiff, United States of America, by and through George L. Beck, Jr. United States Attorney for the Middle District of Alabama, on behalf of the Army and Air Force Exchange Service, (hereinafter "AAFES"), is the holder of a claim against the Defendant, Denise Ren'ee Curry in the aggregate sum of $9,138.92.

6.  Defendant applied for and was approved for a military star credit card account (hereinafter "MIL STAR account") on or around May 4, 2015. (Decl. of Kimberly L. Bailey ¶ 7).

7.  Defendant was the only authorized user of the MIL STAR account.

8.  Defendant signed a "Declaration re: electronic filing of petition, schedules & statements" on May 11, 2015. (Doc. 6).

9.  Defendant filed bankruptcy eight (8) days after opening the MIL STAR account. (Doc. 1).

10. From the time the account was opened until the time the bankruptcy case was filed, Defendant made pre-petition purchases totaling $592.81. (Decl. of Kimberly L. Bailey ¶ 14).

11. After filing the Chapter 13 case Defendant continued to incur charges on the MIL STAR account. (Decl. of Kimberly L. Bailey ¶ 14).

12. Defendant had an approved credit limit of $2,200.00. (Decl. of Kimberly L. Bailey ¶ 14).

13. However, Defendant engaged in a series of purchase/payment transactions which prevented the MIL STAR account from appearing delinquent and which allowed

2

Defendant to overcome her $2,200 established credit limit. (Decl. of Kimberly L. Bailey ¶ 14).

14. Defendant made eight (8) payments on the MIL STAR account, which were returned unpaid and which totaled $34,032.18. (Decl. of Kimberly L. Bailey ¶ 14).

15. Within the first month of opening the account Defendant made 15 purchases totaling $3,431.05. (Decl. of Kimberly L. Bailey ¶ 8).

16. Defendant made multiple purchases on the account on the following dates: May 8, 2015; May 13, 2015; May 14, 2015; May 28, 2015; June 10, 2015; and July 9, 2015. (Exh. C).

17. Of the current balance $4,030.00 represents purchases of Vanilla Visa cards. Vanilla Visa cards are luxury goods.

18. Defendant failed to schedule the AAFES debt when she filed her Chapter 13 case. (Doc. 1).

19. The meeting of creditors took place on June 25, 2015, of which AAFES had no prior notice. (Doc. 8, 16).

20. Defendant's Plan was confirmed on August 1, 2015, of which AAFES had no prior notice. (Doc. 24).

21. On June 22, 2016, more than a year after filing bankruptcy, Defendant amended her schedules to include debt owed to AAFES in the amount of $5,581.47. (Doc. 39).

## COUNT I
## (11 U.S.C. § 523(a)(2)(A))

22. Plaintiff realleges and incorporates by reference the allegations set forth in

3

Case 16-03084    Doc 1    Filed 08/04/16    Entered 08/04/16 16:27:42    Desc Main
                          Document         Page 3 of 8

paragraphs 1-21, above.

23. By obtaining and/or accepting an extension of credit from Plaintiff on the account Defendant represented an intention to repay the amount financed.

24. Plaintiff reasonably relied on the representations made by Defendant.

25. Defendant incurred the pre-petition debt when Defendant had no ability or intent to repay this debt.

26. Defendant incurred charges on the AAFES account within the 90-day period prior to the bankruptcy filing. (Decl. of Kimberly L. Bailey ¶ 8).

27. Defendant charged just under the $600 limit in an attempt to prevent a presumption of nondischargeability in the bankruptcy case and to avoid the reporting requirement on her Statement of Financial Affairs.

28. Defendant had a prior Chapter 13 case before this court. (Case #12-32328). Defendant is a sophisticated debtor.

29. Less than a month after opening the account, Debtor maxed out and exceeded the authorized credit limit.

30. Defendant's debt is a "consumer debt", as defined by 11 U.S.C. § 101(8).

31. Defendant obtained credit from Plaintiff by false pretenses, false representation, and/or actual fraud.

32. Defendant acted with full knowledge and anticipation of the bankruptcy filing when she obtained credit from AAFES.

33. As a result of Defendant's conduct, Plaintiff has suffered damages.

34. Pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(C)(i)(I), the debt is

4

due to be excepted from discharge.

## COUNT II
## (11 U.S.C. § 523(a)(2)(A)-(B))

35. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-21 above.

36. By obtaining and/or accepting an extension of credit from Plaintiff on the account Defendant represented an intention to repay the amount financed.

37. Plaintiff reasonably relied on the representations made by Defendant.

38. Defendant engaged in a series of misrepresentations regarding purchases and payments which prevented the AAFES account from appearing delinquent. (Decl. of Kimberly L. Bailey ¶ 8).

39. Defendant submitted payments towards the account which she knew were not legitimate and which she knew would not clear her bank.

40. However, after submitting payments, and while the payments were in interim posting status, Defendant's account reflected a positive credit status.

41. Defendant took advantage of the positive credit status and charged on the account.

42. Defendant's actions of submitting payments temporarily enabled her to continue to charge on the account. (Decl. of Kimberly L. Bailey ¶ 8).

43. Defendant's actions prevented AAFES from knowing the true status of Defendant's account such to take action to mitigate damages and/or to close the account.

44. Defendant continued to accrue debt on the AAFES account without Court approval after filing the Chapter 13 bankruptcy case. (Decl. of Kimberly L. Bailey ¶ 8).

5

45. Defendant incurred the debt on the MIL STAR account when Defendant had no ability or intent to repay the debt.

46. On August 28, 2015, after filing bankruptcy, Defendant contacted AAFES, in writing, inquiring about a credit line increase. Defendant reported $2,300 as her monthly income, yet on May 12, 2015, Defendant had only reported a monthly income of $1,331.97 in her bankruptcy petition. (Doc. 1).

47. Defendant's debt is a "consumer debt", as defined by 11 U.S.C. § 101(8).

48. Defendant continued to incur additional debt from Plaintiff by false pretenses, false representation, and/or actual fraud.

49. As a result of Defendant's conduct, Plaintiff has suffered damages.

50. Pursuant to 11 U.S.C. § 523(a)(2)(A)-(B), the debt is due to be excepted from discharge.

## COUNT III
## (11 U.S.C. § 523(a)(3)(B))

51. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-21, above.

52. Defendant obtained an extension of credit from AAFES by false pretenses, false representation, and/or actual fraud.

53. Defendant knew of the debt prior to filing bankruptcy; yet, she failed to timely schedule the debt or to provide timely notice of the bankruptcy filing to the creditor.

54. Further, Defendant continued to incur post-petition debt while under the protection of the bankruptcy court.

55. Defendant amended Schedule E/F on June 22, 2016, in an effort to include

6

the AAFES debt in her Chapter 13 discharge.

56. Defendant's willful failure to schedule the debt and to notify AAFES of the bankruptcy case prevented Plaintiff from effectively participating in the bankruptcy case and from taking action to mitigate its damages.

57. Pursuant to 11 U.S.C. § 523(a)(3)(B) Defendant's failure to timely schedule the AAFES debt and to provide notice to AAFES of the bankruptcy case precludes the debt from discharge.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A. For entry of judgment against Defendant, Denise Ren'ee Curry, in the amount of $9,138.92, plus interest and court costs;

B. For an Order determining Defendant's indebtedness to Plaintiff in the amount of $9,138.92, plus interest, to be excepted from discharge.

C. An Order for Relief from Stay allowing AAFES to continue collection via the U.S. Treasury Offset Program; and

D. For such other, further, and different relief to which Plaintiff may be entitled, premises considered.

Respectfully submitted this 4th day of August 2016.

7

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

_/s/ Calhoon_
DEANNE M. CALHOON (CAL065)
Assistant United States Attorney

U.S. Attorney's Office
Middle District of Alabama
P. O. Box 197
Montgomery, AL 36101-0197
Telephone: 334-551-1714
Facsimile: 334-223-7201
DeeDee.Calhoon@usdoj.gov

**SERVICE ADDRESSES:**

Michael D. Brock
Counsel for Denise Ren'ee Curry
Brock & Stout
P.O. Drawer 311167
Enterprise, AL 36311

Denise Ren'ee Curry
Defendant
142 Shady Side Lane
Montgomery, AL 36105